·  **THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DEBORAUGH RODGERS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| **v.** | ) **CIV 22-237-JFH-KEW** |
| | ) |
| **HEATH WINFREY,** | ) FILED |
| **Craig County Sheriff, and** | ) |
| **SARA HILL,** | ) FEB 1 4 2023 |
| **Cherokee Nation Attorney General,** | ) |
| | ) BONNIE HACKLER |
| | ) Clerk, U.S. District Court |
| Respondent, | ) By_____ |
| | Deputy Clerk |

## REPLY TO SARA HILL, THE ATTORNEY GENERAL OF THE CHEROKEE NATION OF OKLAHOMA'S MOTION TO DISMISS (Doc# 17)

COMES NOW Petitioner Deboraugh Rodgers, *pro se,* in the above-entitled action, and

for her reply to Respondent *Sara Hill, The Attorney General of the Cherokee Nation of*

*Oklahoma's Motion to Dismiss* shows the court as follows:

**I.**     **The only Cherokee tribe in Oklahoma with jurisdiction over all Indians within the boundaries of the Cherokee Indian Territory is the United Keetoowah Band of Cherokee Indians in Oklahoma (UKB) and not the Cherokee Nation of Oklahoma (CNO)**

The Curtis Act, 30 Stat. 495 (June 27, 1898), abolished tribal courts and subjected all

persons in the territory to federal law. This meant that there could be no enforcement of tribal

laws and that any tribal legislation passed after 1898 had to be approved by the president of the

United States until the Oklahoma Indian Welfare Act (OIWA) of 1936, 60 Stat. 976, which

provided an avenue for tribes in Oklahoma to become federally recognized.  This is further

substantiated by:

1

***Resolution #3-22, A RESOLUTION OPPOSING FEDERAL OR STATE
RECOGNITION OF GROUPS THAT CLAIM TO BE TRIBAL NATIONS AND
SEEK TO AVOID OR CIRCUMVENT THE DEPARTMENT OF INTERIOR'S
OFFICE OF FEDERAL ACKNOWLEDGEMENT PROCESS***,

*see*, Tri-Council Resolution #3-22 (June 23, 2022), Exhibit 1, submitted by Eastern Band of

Cherokee Indians, and adopted by the Councils of the three federally recognized Cherokee

Tribes at the Tri-Council Meeting held in Tahlequah, Oklahoma on, June 23, 2022, stating in

part:

> ". . . the Cherokee Tribal Governments strongly desire to protect the integrity of
> Cherokee identity and sovereignty."

And further states in part:

> "BE IT FURTHER RESOLVED, the Tri-Council of the three Federally recognized
> Cherokee Tribes does hereby support the administrative process in the Department of the
> Interiors Office of Federal Acknowledgement for groups claiming tribal identity; . . ."

The Department of Interior's Office of Federal Acknowledgement's process is defined in

25 CFR §§ 83.4 and 83.11. CNO has ignored the strict requirements of the federal government

as stated in 25 CFR and the unanimously agreed upon and adopted *Resolution #3-22, Id.* (by the

Tri-Council of the three Federally recognized Cherokee Tribes) in which Chuck Hoskin, Jr.,

Principal Chief, acknowledged in agreement with his signature of endorsement.

The federal law, Respondent referenced, regarding tribal courts states, ". . . and tribunals

by and through which they are executed, including courts of Indian offenses;" 25 U.S.C. §

1301(2) does not apply to the Cherokee Nation of Oklahoma 'courts of Indian offenses.' The

Cherokee Nation of Oklahoma tribe has done nothing to satisfy these federal requirements.

The Historical Cherokee Nation refers to the entity encompassing the various groups of

Cherokee Indians before the enactment of the Curtis Act of 1898 of which terminated the tribal

government and courts in the years immediately preceding statehood. The final Act, (March 1,

2

1901), Fifty-sixth Congress, Session II, Chap. 675, "an Act to Ratify and Confirm an Agreement with the Cherokee Tribe of Indians and for other purposes"), states in Item 75, "No act, ordinance, or resolution of the Cherokee national council in any manner affecting the lands of the tribe, or of the citizens thereof, except appropriations for the necessary incidental and salaried expenses of the Cherokee government as herein limited, shall be of any validity until approved by the President of the United States." This provision has not been changed by Congress subsequently. It has been held that a Treaty cannot be changed except through another Treaty, or by way of an Act of Congress.

**II.     While the Muskogee (Creek) Nation took advantage of the opportunity to reorganize under the OIWA, to restore a tribal court, the CNO did not**

When challenged by similar matters, the Muscogee Creek Nation did litigate the issues surrounding the extension of the Curtis Act abolition of tribal courts as outlined in the Creek agreement, May 25, 1901, (31 Stat. 861, 863), which, like the Cherokee agreement, (32 Stat. 716, 717) was enacted into federal law in 1901. In *Muskogee (Creek) Nation v. Hodel,* 851 F.2d 1439, 1443 (D.C. Cir. 1988), a three-judge federal court of appeals panel concluded that since the "Curtis Act and the Creek Agreement expressly stripped the Tribe of the power to have courts . . . that power was not part of the 'present' Tribal government" as that phrase was used in the Five Tribes Act of 1906, (April 26, 1906), 34 Stat. 137. Thus, in the absence of any congressional legislation repealing the Curtis Act abolition of tribal courts, the Muskogee Creek Nation would not have been able to re-establish a tribal court system. The old laws continued in force. The Hodel court decided, however, that because the Creeks had re-organized under the OIWA in 1979, their right to establish a court system had been restored by a "general repealer clause" in the OIWA which was held to have repealed the Curtis Act by implication. In other

3

words, as an OIWA tribe, their inherent sovereign rights of self-government had been fully restored.

Unlike the Muskogee Creek Nation, the CNO has never reorganized under the OIWA. *See* Def.'s Mot. to Dismiss for Want of Jurisdiction (July 25, 2022,22), Dkt. No 7 at 15. Consequently, the CNO may not claim the benefit of the "general repealer clause" in the OIWA that enabled the Creeks to re-establish their tribal court system.  This is in opposition to Respondent's statement that prior case law "establishes the legitimacy of the Cherokee Nation courts," *United Keetoowah Band of Cherokee Indians in Oklahoma v. Barteaux,* 527 F. Supp. 3d 1309 (N.D Okla. 2020).

In contrast, on January 14, 2005, the UKB Council enacted Resolution 05-UKB-17 To Recognize The UKB Tribal Court System, "WHEREAS, the United Keetoowah Band has previously established a Tribal Court, appointed a court clerk, appointed Judges to preside over court matters, appropriated money to operate the court and paid court personnel from Court Code hereby recognize[d] the court as the viable and functioning judicial branch of the United Keetoowah Band." *see*, UKB Resolution 05-UKB-17 (January 14, 2005), Exhibit 2. According to the UKB website, the Tribal Judicial Center is the home of the Tribal Court of the UKB and is the system of courts and judges that interpret and enforce laws. It operates under the UKB Constitution and was created to exercise its authority as a sovereign and to meet the needs of its members.  Petitioners my come to the Tribal Court to request legal remedies or redress grievances.  The Tribal Court protects the interests of justice and equity while promoting the welfare and sovereignty of its Tribal citizens.  The Tribal Court consists of a District Court to

4

hear civil, criminal, and juvenile matters, and a Supreme Court to hear cases of appeals and other matters as may be conferred by statue.[1]

## III.   Unlike the CNO, the UKB had reorganized under the OIWA in 1950

By the Act of August 10, 1946, 60 Stat. 976, Congress recognized the United Keetoowah Band of Cherokee Indians in Oklahoma for the purposes of organizing under the OIWA. In 1950, the UKB organized under a Constitution and Bylaws approved by the Secretary of the Interior. Members of the UKB consist of all persons whose names appear on the list of members identified by a resolution dated April 19, 1949, and certified by the Superintendent of the Five Civilized Tribes Agency on November 26, 1949, with supreme governing body (UKB Council) consisting of nine members who are elected to represent the nine districts of the old Cherokee Nation and four officers, elected at large.[2] Upon issuance by William E. Warne, Assistant Secretary of the Interior, in 1950.  The Charter was duly submitted for ratification to the adult members of the Band, and on October 3, 1950, was duly ratified by a vote of 1,414 for, and 1 against, in an election in which at least 30 percent of those entitled to vote cast their ballots. *see*, Certification, (May 8, 1950), Exhibit 3.

The failure of the Cherokee Nation of Oklahoma to reorganize under the OIWA is fatal to its jurisdiction and to its organization of government and tribal courts.  For this reason and for other reasons set forth herein, the Respondent's motion to dismiss should be denied.

## IV.   The Petitioner was denied a speedy trial of the issues in violation of the Constitutions of the CNO, the UKB, the State of Oklahoma and the United States of America

---

[1] https:/www.ukb-nsn.gov/ukbtribalcourt

[2] http:/www.doi.gov/bia/ancestry/cher_anc.html.

5

Although Petitioner was arrested on April 7, 2021, she has not been convicted of a crime from this event. Initially Petitioner was arrested for: (1) driving under influence- liquor or drugs-refusal (2) no driver license (3) unsafe lane use (4) obstruction (5) resisting executive officer (6) transporting a loaded firearm (7) possession of a firearm while intoxicated and (8) failure to surrender driver license by two Tahlequah City (Municipality) Police Officers and released two days later with a Medical Oral Recognizance Release by Honorable Josh King of the District Court of Cherokee County, State of Oklahoma. *See* Inmate Booking Sheet (April 7, 2021), Exhibit 4; *see also* Minute Order (April 9, 2021), Exhibit 5. After the State of Oklahoma declined to file charges based on jurisdictional grounds, Petitioner was ordered to appear in Cherokee Nation District Tribal Court on May 18, 2021, *see* Minute Order (April 23, 2021), Exhibit 6, of which she did appear for her initial appearance and pled not guilty for each of the three charges. *See* Court Minute/Order (May 18, 2021), Dkt. 7 Exhibit 2. Subsequently, on May 7, 2021, the Cherokee Nation of Oklahoma's Assistant Attorney General, Sandy Crosslin charged the Petitioner with (1) driving a motor vehicle while under the influence of alcohol-incapable of safe driving (2) resisting an officer and (3) transporting loaded firearm in vehicle. *See* Information (May 7, 2022), Dkt. No. 17 Exhibit 1. Over a year later and after the Attorney General's office finally reviewed the evidence, the charges were amended on July 26, 2022, to exchange the word *"alcohol"* with the word *"drugs"* upon realizing there was no alcohol involved. *See* Amended Information (July 26, 2022) Exhibit 7.

Petitioner does not dispute the location of the arrest was within the boundaries of the Cherokee Indian Territory, nor does she dispute her status as a "*citizen*" of the Cherokee Nation of Oklahoma **and** a "*member*" of the United Keetoowah Band of Cherokee Indians of Oklahoma. *See* Motion to Dismiss for Want of Jurisdiction (August 25, 2022), Dkt. No. 7 at 15.

Petitioner does not dispute the federal law as mentioned by Respondent in reference to the authorization of tribal courts "to exercise criminal jurisdiction over *all Indians*," 25 U.S.C. § 1301(2) (emphasis added). The correct tribal court for the Cherokee Indian Territory to exercise jurisdiction over all Indians would be the United Keetoowah Band of Cherokee Indians of Oklahoma.

Petitioner does not dispute the facts of events brought forth by Respondent regarding having had an attorney and then representing herself as *pro se*.

Petitioner did decline several plea offers due to her plea of not guilty and knowing she did not commit the crimes as charged by the office of the Cherokee Nation Attorney General. She also could not sign the Court Minute/Order from the May 20, 2022, hearing because the Assistant to the Attorney General penned the statement that the Petitioner had requested a trial. S*ee* Court Minute/Order (May 20, 2022), Dkt. No. 7 at 108. This written statement is untrue. During the pretrial hearing the Petitioner did, however, present oral motion to dismiss for denial of speedy trial. A speedy trial is a right of the people established by the Constitution of the Cherokee Nation of Oklahoma, United Keetoowah Band of Cherokee Indians in Oklahoma, State of Oklahoma and the United States. Each of the documents were untruthful and would go against the Petitioner's religious beliefs which does not allow her to falsify documents/information for fear of wrath and therefore, Petitioner could not accept/sign.

**V.    Both the Cherokee Nation of Oklahoma District Court and the Cherokee Nation of Oklahoma Supreme Court abused the rules of the Courts and in doing so denied the Petitioner opportunity of due process**

On July 25, 2022, Petitioner filed a Motion to Dismiss for Want of Jurisdiction. *See* Motion to Dismiss for Want of Jurisdiction (July 25, 2022), Dkt. No. 7 at 15. The Cherokee Nation of Oklahoma District Court denied the motion to dismiss, adopting the legal analysis

contained in the Cherokee Nation's objection to Petitioner's motion. *See* Order Denying Def.'s

Mot. To Dismiss (Aug. 12, 2022), Dkt. No. 7 at 88; *see also* Pl.'s Obj. to Def's Mot. To Dismiss

(Aug. 8, 2022), Dkt. No. 7 at 82. According to the Cherokee Nation Supreme Court Rule 71(B),

"an appeal to the Supreme Court in criminal cases shall be made no later then thirty (30) days

after entry of the written judgement or **order** of the District Court." (Emphasis added).

Accordingly, Petitioner should have been allowed thirty (30) days from the date Judge Barteaux

denied Petitioner's motion to dismiss.  To allow Petitioner her due process in filing an appeal in

the Supreme Court, the District Court should have allowed the thirty days to file the petition.

The deadline for time to file the petition should have been on Sunday, September 11, 2022.

Petitioner was denied 20 days and only given 10 days to prepare and file the appeal due to the

manner which the Cherokee Nation of Oklahoma and the Court prejudiced Petitioner by ignoring

their own court rules. Additionally, Petitioner first appeared *pro se* on May 19, 2022 allowing

only three months and two days to prepare for trial.  From May 19, 2022 to August 22, 2022,

Petitioner moved the Court by motion a total of seven (7) times and each and every motion was

denied by the Court.  However, the case is almost two years old and every single motion an

attorney has filed has be accepted by the Court.

## VI.    The CNO has failed to comply with the OIWA and the federal regulations as defined in 25 CFR §§ 83.4 and 83.11

The federal law is well established for procedure to be acknowledged as a federally

recognized Indian tribe.  In the state of Oklahoma, the process is the Oklahoma Indian Welfare

Act (OIWA) of 1936, 60 Stat. 976, outlined in 25 CFR §§ 83.4 and 83.11 and endorsed by the

Principal Chief of the Cherokee Nation of Oklahoma and the Council upon adoption of

Resolution #3-22,  A RESOLUTION OPPOSING FEDERAL OR STATE RECOGNITION OF

GROUPS THAT CLAIM TO BE TRIBAL NATIONS AND SEEK TO AVOID OR

8

CIRCUMVENT THE DEPARTMENT OF INTERIOR'S OFFICE OF FEDERAL

ACKNOWLEDGEMENT PROCESS. The statement from Respondent that Judge Frizzell---in

the Barteaux case, *see* 527 F. Supp. 3d at 1324-1326; c.f., *United Keetoowah Band of Cherokee*

*Indians in Okla. V. Kempthorne,* 630 F Supp. 2d 1296, 1303 (E.D. Okla. 2009), have been

"correctly rejected" by claiming the OIWA *repealed* The Curtis Act is flawed in that a decision

of the court cannot determine the *repeal* of an act of Congress but that only an act of Congress

can repeal such an act.  Furthermore, if we entertain the idea that a tribe in Oklahoma does not

need to adhere to the standards outlined in the OIWA, for what purpose would the three

Cherokee federally recognized tribes have to outline the provisions of becoming such a tribe in

the Resolution #3-22 which specifically states that the Tri-Council "oppose[s]" any tribe seeking

federal recognition and "avoid[ing] or circumvent[ing] the Department of Interior's Office of

Federal Acknowledgement process" of which "the Tri-Council of the three federally recognized

Cherokee Tribes does hereby support the administrative process in the Department of the

Interior's Office of Federal Acknowledgement for groups claiming tribal identity."  The CNO

has decidedly and purposefully failed to accomplish the very provisions and standards they

propose other groups adhere to.

It is unclear exactly the moment Cherokee Nation of Oklahoma became known as

'federally recognized' due to no act of Congress exists to acknowledge the Cherokee Nation of

Oklahoma as a 'federally recognized' tribe.

On April 26, 1906, Congress approved House Resolution 5976, "An Act to Provide for

the Final Disposition of the Affairs of the Five Civilized Tribes in the Indian Territory and for

Other Purposes." This act paved the way for Oklahoma's statehood the following year.  Congress

closed the rolls in 1907 to the historical Cherokee Nation.  Act of April 26, 1906, 34 Stat. 137.

9

The Cherokee Nation of Oklahoma has long maintained there is no distinction between it and the historic Cherokee Nation. By closing the rolls in 1907, Congress effectively imposed a sunset provision on its relationship with the historical Cherokee Nation. The Federal relationship would exist so long as its members survived. This is consistent with Congress' expectation that the government of the historical Cherokee Nation, like the governments of the other Five Civilized Tribes, would not be permanent. *See.* Act of April 26, 1906, 34 Stat. 137, § II.  Moreover, there are significant political differences in governmental organization between this historical Cherokee Nation and the Cherokee Nation of Oklahoma which rendered the Cherokee Nation of Oklahoma a new political organization. The Secretary of the Department of the Interior appointed the Chief of the historic Cherokee Nation to perform ministerial acts. The Secretary of the Department of the Interior could remove the Chief for failure to perform his duties. Act of April 26, 1906, 34 Stat. 137, § 6.  Tribal voters elect the Principal Chief of the CNO to perform all executive functions. The historic Cherokee Nation did not have a functioning legislature, and if it had, its enactments would have been subject to presidential approval. The CNO has an elected Tribal Council which is free of presidential oversight. The courts of the historic Cherokee Nation had been outlawed by Congress in the Curtis Act and cannot be repealed by any means other than an act of Congress. The Cherokee Nation of Oklahoma is a new political organization, therefore, because the historical Cherokee Nation no longer exists, the CNO government is a new government.

## VII.    Petitioner appearing *pro se,* is representing herself and following the guidelines granted to her by the Magistrate Judge, to the best of her ability

The respondent argues that the Petitioner is seeking relief under an inapplicable statute against the wrong respondents. In this case, the Petitioner, who is not an attorney, has done the best that she could to present her position and the designation of the statute under which she is proceeding. Petitioner filed an original Petition for Relief From a Conviction or Sentence By a

10

Person in State Custody (Petition Under 28 U.S.C. 2254 for a Writ of Habeas Corpus) on August

25, 2022. *See* Minute Order (August 25, 2022) Dkt. No. 1. And on August 29, 2022, Magistrate

Judge West "construe[d] this action as arising under 28 U.S.C § 2241, because Petitioner is

challenging her pretrial detention." Magistrate West directed the Court Clerk to send a Petition

for Writ of Habeas Corpus Under 28 U.S.C. § 2241 to Petitioner. *See* Minute Order (August 29,

2022), Dkt. No. 3; *see also, Walck v. Edmondson,* 472 F.3d 1227, 1235 (10th Cir. 2007)

(citations omitted). While incarcerated at the Cherokee County Detention Center, Petitioner did

receive the habeas corpus petition pursuant to 28 U.S.C. § 2241. However, Petitioner was

transferred to Craig County Detention Center before the deadline of 21 days (September 19,

2022) in which she complied with Magistrate Judge West's instruction to notify the court of her

change of address regarding 28 U.S.C. § 2241. *See* Minute Order (September 13, 2022) Dkt. No.

5. Upon transfer, a Minute Order was entered "by Magistrate Judge Kimberly E. West,

substituting Craig County Sheriff Heath Winfrey and Cherokee Nation Attorney General Sara

Hill as the respondents in this action." *See* Minute Order (October 27, 2022) Dkt. No. 8. The

Petitioner believes the Court should reinstate the Cherokee County Sheriff as a respondent. As

to the Attorney General of the CNO, that designation of her as the representative of the Cherokee

Nation of Oklahoma was also done by the Magistrate Judge. Therefore, it has been by order of

the court to address whom is the Respondent. *See* Minute Order (October 27, 2022) Dkt. No. 8.

## VIII.   The reliance of Petitioner upon 28 USC § 2241 is appropriate and Respondent's interpretation of the Cherokee Nation Supreme Court rules, 70(B) and 71(B) is fatally flawed

The Respondent alleges that Petitioner has erred in seeking a writ of habeas corpus under

28 U.S.C. § 2241, relating to her alleged pre-trial detention. The Respondent apparently alleges

Petitioner should be proceeding under 25 U.S.C. § 1303. Petitioner alleges the Respondents

Motion to Dismiss for Want of Jurisdiction, July 25, 2022, Dkt. No. 7 at 15. District Court Judge Barteaux denied the Motion to Dismiss for Want of Jurisdiction. *See* Order Denying Def.'s Mot. To Dismiss for Want of Jurisdiction on August 12, 2022, Dkt. No 7 at 88.

On August 18, 2022, the Petitioner herein, filed a Motion to Stay Proceedings in the Cherokee Nation District Court, for a stay of the jury trial scheduled for August 22, 2022, pending an appellate review by the Cherokee Nation of Oklahoma Supreme Court on the matter of jurisdiction and the same day, Judge Barteaux denied the motion to stay. *See* Motion to Stay Proceedings (August 18, 2022) Dkt. No. 7 at 90; *see also* Order Denying Def.'s Motion to Stay Proceedings on August 18, 2022, Dkt. No. 94. However, the Office of the Attorney General filed the Cherokee Nation's Objection and Response, albeit the day after the Judges Order of denial. *See* Cherokee Nation's Objection and Response to Def.'s Mot. to Stay Proceedings (August 19, 2022) Dkt. No. 7 at 92.

On August 22, 2022, Petitioner appealed the August 12, 2022, decision to deny the motion to dismiss to the Cherokee Nation of Oklahoma Supreme Court and the jury trial then proceeded through the beginning stages until it ended due to conflict between the Petitioner and Judge Barteaux over the rulings that the Court had made. *See* Order Denying Def.'s Mot. To Stay Proceedings August 18, 2022, Dkt. No. 7 at 94; *see also* Transcript by Susan L. Sweeney, CSR of proceedings on August 22, 2022, pages 1-6, 41-43, 49, Exhibit 11.

Under the Supreme Court rules, the Court requires that the Petition in Error be filed and that the record be designated and that the parties be served. Petitioner succeeded in filing the Petition in Error before the District Court had acted and designated the record, but she did not have time to serve the Office of the Attorney General on August 22, 2022. During that hearing, which is in the transcript that is in the file, Judge Barteaux charged the Petitioner with contempt

13

of court, arrested her, and incarcerated her. *See* Respondent Sara Hill's Mot. To Dismiss

December 8, 2022, Dkt. No. 17 at 3. She was transferred to various jails from August 22, 2022,

until her release from custody with own recognizance bond on October 7, 2022. *See* Respondent

Sara Hill's Mot. To Dismiss December 8, 2022, Dkt. No. 17, exhibit No. 8. Because of the long

period of time while she was incarcerated, the majority of which Petitioner was "held" without

bond, charges, court date or a release date, she was unable to serve the Petition in Error upon the

Office of the Attorney General until October 18, 2022. *See* Petition In Error (August 22, 2022)

Dkt. No. 7 at 95 and 97; *see also* Certificate of Mailing to All Parties and Court Clerk (October

18, 2022), Exhibit 8. Thereafter, the Attorney General responded to the Petition in Error on

November 16, 2022, and the Supreme Court dismissed the appeal for Petitioner's failure to file a

Brief in Chief in the time provided by the Court rules. *See* Appellee's Motion to Dismiss

Petition In Error and Application to Stay (November 16, 2022) Exhibit 9; *see also,* Order,

December 9, 2022, Exhibit 10. The order was signed on December 5, 2022, but was not filed

stamped until 4 days later December 9, 2022, in which Respondent's Sara Hill's Motion to

Dismiss, December 8, 2022, Dkt. No. 17 was filed just the previous day. This information would

lead one to conclude that the Petitioner did in fact exhaust her tribal remedies.

      The Cherokee Nation Supreme Court rules that are relevant to this situation. Rule 71(B),

states "[a]n appeal to the Supreme Court in criminal cases shall be made no later than thirty (30)

days after entry of the written judgement or order of the District Court." The 30 days would run

from the date of service of the Petition in Error to the Office of the Attorney General, which in

this case was October 18, 2022. Within the 30-day period provided by rule 71(B) of the

Supreme Court, the Appellee, in this case, the Respondent, did respond to the Petition in Error on

November 16, 2022, which was 27 days after the Petition in Error had been officially served on

the Office of the Attorney General. From the date that the Appellee responded to the Petition in

Error, the Appellant, (in this case, the Petitioner), should have had 60 days to file her Brief in

Chief, or until January 15, 2023, as stated in part in the Supreme Court rule 80(A) "[t]he

appellant shall file and serve an appellate brief-in-chief within sixty days after the date on which

the appeal has filed his/her response to the Petition in Error." Instead of allowing her the time

provided by Rule 80(A) of the Supreme Court rules, the Court issued an Order on December 5,

2022, in which the Court dismissed the appeal for failure to file a Brief in Chief. *See,* Order

(December 9, 2022) Exhibit 10. Clearly this is a violation of Rule 80(A) because the Supreme

Court did not allow the Appellant 60 days from the date Appellee responded in which to file her

Brief in Chief. She was left with only a period of 19 days from the date that the Attorney

General responded on behalf of the Appellee, and the date that the Order was entered dismissing

the appeal. In so doing, the Supreme Court deprived the Plaintiff of due process that she is

entitled to under the rules of the Cherokee Nation, the rules of the State of Oklahoma and the

Constitution of the United States of America. The action taken by the Supreme Court is not

inconsistent with its typical handling of cases that result in appellants' being abused of their civil

rights by improper decisions in violation of the rules of its own court. This court has consistently

violated its own rules and does whatever it pleases for whatever the Office of the Attorney

General requests they do. So, every effort was made by the Petitioner to comply with the rules

and prematurely ruling the order of dismissal the Constitutional and statutory rights were

violated. It should be noted that the respondent in the case, the Attorney General of the

Cherokee Nation has failed to advise the Court that the Petitioner's exhaustion of tribal remedies

had ended on December 5, 2022, which is 3 days before the Motion to Dismiss was filed herein.

Respondents argue that Rule 70(B) provides that "any party in a criminal case, may appeal a judgement or sentence." But Petitioner argues that Rule 71(B) states that "[a]n appeal to the Supreme Court in criminal cases shall be made no later than thirty (30) days after entry of the written judgement or order of the District Court." Rule 70(B) is a general statute and Rule 71(B) is a specific statute. So, 70(B) provides a general rule and 71(B) provides a specific rule, and it is well established that general rules are overridden by conflicting specific rules.

The Respondent, without evidence, states that the Court does not permit interlocutory appeals, but fails to provide evidence for that argument. No Supreme Court Rule provides that, and nothing in those rules deal with the subject of interlocutory appeals.

The rules are in conflict and when two rules are in conflict, the specific rule (Rule 71(B) overrules the general rule (Rule 70(B). Therefore, the motion based upon Rule 70(B) of the Supreme Court rules should be denied, and the Petitioner's interpretation of the correct rule should be adjudicated.

## CONCLUSION

Petitioner request's that the Motion to Dismiss of the Cherokee Nation of Oklahoma Attorney General Sara Hill be denied and that the Court enter an order clarifying who is representing the Respondents in this matter. Petitioner further suggests that the Court enter a scheduling order, if appropriate, granting the parties a period of time to conduct discovery on the issue of jurisdiction and the Cherokee Nation of Oklahoma's failure to comply with federal laws pertaining to the establishment of a legitimate tribal nation and tribal court system.

## CERTIFICATE OF DELIVERY

I, the undersigned, do hereby certify that on the ___14th___ day of ___February___, 2023, that I emailed, deposited in their Court mailbox, faxed, hand delivered, and or mailed by certified mail, a true and correct file stamped copy of the foregoing document to the following person(s):

**Robert Trent Shores, OBA No. 19705**

**Amelia A. Fogleman, OBA No. 16221**

**GableGotwals**
110 N. Elgin Avenue, Suite 200
Tulsa, OK 74120
Telephone: (918) 595-4800
Facsimile: (918) 595-4990
tshores@gablelaw.com
afogleman@gablelaw.com

*Attorneys for Respondent Sara Hill,*
*Cherokee Nation Attorney General*

P O Box 1533
Tahlequah, OK 74465
shill@cherokee.org

I further certify that a copy of the ***MOTION FOR EXTENSION FOR TIME TO FILE REPLY TO THE ATTORNEY GENERAL OF THE CHEROKEE NATION'S RESPONSE*** was filed in the office of the Court Clerk of The United States District Court for The Eastern District of Oklahoma on the 30th day of December, 2022.

Deboraugh Rodgers, *pro se*

24357 E 757 RD
Tahlequah, OK 74464
918.718.1079
Deboraugh@me.com

# TRI - COUNCIL
## OF
# THE UNITED KEETOOWAH BAND OF CHEROKEE INDIANS
# THE EASTERN BAND OF CHEROKEE INDIANS
## AND
# CHEROKEE NATION



Resolution #___3___-22

### A RESOLUTION OPPOSING FEDERAL OR STATE RECOGNITION OF GROUPS THAT CLAIM TO BE TRIBAL NATIONS AND SEEK TO AVOID OR CIRCUMVENT THE DEPARTMENT OF INTERIOR'S OFFICE OF FEDERAL ACKNOWLEDGEMENT PROCESS

WHEREAS, the three federally recognized Cherokee Tribes descend from the Cherokees who, since time immemorial, exercised the sovereign rights of self-government on behalf of the Cherokee People; and

WHEREAS, the three federally recognized Cherokee Tribal Governments share a common history prior to the United States' encroachment on Cherokee aboriginal lands; and

WHEREAS, the three federally recognized Cherokee Tribes continue to exercise the sovereign rights of self-government on behalf of the Cherokee people who endured and survived forced relocation and division; and

WHEREAS, the Cherokee people have fiercely protected our separate language, culture, and identity as Cherokees; and

WHEREAS, groups claiming to be Cherokee in part have used the claim of Cherokee identity as a basis for being recognized as tribes by state governments; and

WHEREAS, many of these same groups have fraudulently appropriated Cherokee identity in pursuit of federal recognition as tribes; and

WHEREAS, groups that have fraudulently appropriated Cherokee identity wrongly claim rights as tribes and Indians; and

WHEREAS, federal or state recognition of these groups would undermine the integrity of the three federally recognized Cherokee Tribes and other tribes with living tribal languages and long-standing government-to-government relations with the United States by placing politics and emotion above facts about tribal identity; and

PETITIONER'S EXHIBIT

1 PAGE 1 OF 2

WHEREAS, the three federally recognized Cherokee Tribal Governments have a particular interest and stake in this issue because a significant number of petitioning groups for federal acknowledgment claim to be or once claimed to be Cherokee tribes or bands, the Cherokee Tribal Governments strongly desire to protect the integrity of Cherokee identity and sovereignty.

NOW THEREFORE BE IT RESOLVED, the Tri-Council of the three federally recognized Cherokee Tribes does hereby oppose federal or state recognition of the "Lumbee Tribe," the "Chickamauga Nation," and the "MOWA Band of Choctaw," and state recognition of the "Wolf Creek Cherokee Tribe" and any other state recognition effort from a group claiming Cherokee identity that seeks to avoid or circumvent the Department of Interior's Office of Federal Acknowledgement process;

BE IT FURTHER RESOLVED, the Tri-Council of the three federally recognized Cherokee Tribes does hereby support the administrative process in the Department of the Interior's Office of Federal Acknowledgment for groups claiming tribal identity; and

BE IT FINALLY RESOLVED, this Resolution shall be the policy of the Tri-Council of the three federally recognized Cherokee Tribes until it is withdrawn or modified by subsequent resolution.

Submitted by: Eastern Band of Cherokee Indians

## CERTIFICATION

The foregoing resolution was adopted by the Councils of the three federally recognized Cherokee Tribes at the Tri-Council Meeting held in Tahlequah, Oklahoma on, June _23_, 2022 having _36_ Tri-Council members present, constituting a quorum, by the vote of _36_ yea; _0_ nay; _0_ abstaining.

Mike Shambaugh, Speaker of the
Cherokee Nation

Richard French, Chairman
Eastern Band of Cherokee Indians

Joyce Hawk, Council
United Keetoowah Band of Cherokee Indians

## ATTEST

Approved and Signed by the Principal Chiefs this 23rd day of June, 2022.

Chuck Hoskin, Jr., Principal Chief
Cherokee Nation

Principal Chief Richard Sneed
Eastern Band of Cherokee Indians

Joe Bunch, Principal Chief
United Keetoowah Band of Cherokee Indians

PETITIONER'S EXHIBIT

_1_ PAGE 2 OF 2.



**United Keetoowah Band of Cherokee Indians in Oklahoma**
P.O. Box 189 • Park Hill, OK 74451
2450 South Muskogee Ave • Tahlequah, OK 74464
Phone: (918) 431-1818• Fax: (918) 431-1873

## COUNCIL

George Wickliffe
Chief

Charlie Locust
Assistant Chief

Liz Littledave
Secretary

Shelbi Doyeto
Treasurer

Eddie Sacks
Canadian District

Cliff Wofford
Cooweescoowee District

Jerry Hanson
Delaware District

Woodrow Proctor
Flint District

Joyce Fourkiller
Goingsnake District

Susan Adair
Illinois District

Adalene Smith
Saline District

Barry Dotson
Sequoyah District

Albert Shade
Tahlequah District

## RESOLUTION

**January 14, 2005**

05-UKB-17

### TO RECOGNIZE THE UKB TRIBAL COURT SYSTEM

**WHEREAS,** THE UNITED KEETOOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA [hereafter, UKB or Band] is a federally recognized Band of Indians, organized and incorporated pursuant to the Oklahoma Indian Welfare Act (49 Stat. 1967), the Act of August 10, 1946 (60 Stat. 976), and the Indian Reorganization Act (48 Stat. 984), insofar as that Act applies to Oklahoma Indians; and,

**WHEREAS,** Article III, Section 1 of the Constitution of the UKB provides that the objective of said Band shall be to secure the benefits, rights, privileges, and powers as provided for by the above cited laws of the United States of America; and,

**WHEREAS,** Article III, Section 2 of the Constitution of the UKB provides further that the objective of the Band shall be to secure the benefits, rights, privileges and powers as provided for by any laws of the United States now existing or that may hereafter be enacted for the benefit of Indians or other citizens of the United States and administered by various government agencies; and,

**WHEREAS,** Article V, Governing Body, Section 5, the Council shall have the power to appoint subordinate personnel, committees and representatives, to transact business, and otherwise speak or act on behalf of the Band in all matters on which the Band is empowered to act now or may be empowered to act upon in the future. The Council shall also have the power to delegate such powers to individuals or subordinate groups consistent with law, under such rules and regulations as may be prescribed by the Council.

**WHEREAS,** the United Keetoowah Band has previously established a Tribal Court, appointed a court clerk, appointed Judges to preside over court matters, appropriated money to operate the court and paid court personnel from Tribal General Funds, and having previously passed the UKB Tribal Court Code hereby recognizes the court as the viable and functioning judicial branch of the United Keetoowah Band.

**PETITIONER'S EXHIBIT**

2 Page 1 of 3

**United Keetoowah Band of Cherokee Indians in Oklahoma**
Resolution #05-UKB-17
January 14, 2005
Page 2

**BE IT THEREFORE RESOLVED,** that the United Keetoowah Band Tribal Court is here by recognized as a viable, functioning court with all powers inherent therein as the judicial branch of the United Keetoowah Band.

**BE IT FINALLY RESOLVED:** That Resolution #05-UKB-17 hereby rescinds any and all preceding resolutions that may be inconsistent with the matter.

## CERTIFICATION

I hereby certify that the foregoing Resolution #05-UKB-17 was approved by the Council of the United Keetoowah Band of Cherokee Indians in Oklahoma (UKB) during a Regular meeting convened for business on the 14th day of January, 2005, with 13 members present to constitute a quorum by a vote of 8 for or Yes, 4 Against/Opposed or No, and 0 Abstentions.

George Wickliffe, Chief

Attest:

Liz Littledave, Secretary

**PETITIONER'S EXHIBIT**
2 page 2 of 3

NEW BUSINESS          motion to recognize The UKB Tribal Court
                              System
                              motion ~~1st~~: Eddie Sacks
                              Seconded : Adalene

AGENDA: VIII          , 2005
                      Item 1.

| COUNCIL | YES | NO | OBSTAIN |
|---|---|---|---|
| George Wickliffe Chief | | | |
| Charlie Locust Asst. Chief | X | | |
| Liz Littledave Secretary | X | | |
| Shelbi Doyeto Treasurer | | X | |
| Eddie Sacks Canadian District | X | | |
| Cliff Wofford Cooweescoowee District | X | | |
| Jerry Hanson Delaware District | | X | |
| Woodrow Proctor Flint District | X | | |
| Joyce Fourkiller Goingsnake District | X | | |
| Susan Adair Illinois district | | X | |
| Adalene Smith Saline District | X | | |
| Barry Dotson Sequoyah District | | X | |
| Albert Shade Tahlequah District | X | | |

8          4          O

PETITIONER'S
EXHIBIT
2   page 3 of 3

**WILLIAM E. WARNE**,

*Assistant Secretary of the Interior.*

**WASHINGTON, D. C.**, *May 8, 1950.*

## CERTIFICATION

Pursuant to section 3 of the act of June 26, 1936 (49 Stat. 1967), this Charter issued on May 8, 1950, by the Assistant Secretary of the Interior to the United Keetoowah Band of Cherokee Indians in Oklahoma was duly submitted for ratification to the adult members of the Band, and was on October 3, 1950, duly ratified by a vote of 1,414 for, and 1 against, in an election in which at least 30 percent of those entitled to vote cast their ballots.

**REV. JIM PICKUP**,

*Chief, United Keetoowah Band of Cherokee Indians, Oklahoma.*

**WHITE RUNABOUT**,

*Secretary, United Keetoowah Band of Cherokee Indians, Oklahoma.*

**W. O. ROBERTS**,
*Area Director,*
*Muskogee Area Office.*

U. S. GOVERNMENT

**PETITIONER'S EXHIBIT**

3

**Cherokee County Detention Center**

# INMATE BOOKING SHEET

1513 N DOUGLAS AVE TAHLEQUAH, OK 74464

(918) 456-8311

## INMATE INFORMATION

### RODGERS, DEBORAUGH

Inmate ID : 88077 / 10 Digits Pin : 111966

| | |
|---|---|
| **Booking Number** | 202100368 |
| **Local Arrest ID Number** | |
| **Livescan Number** | 202100368 |

 



| | | |
|---|---|---|
| **DOB** | 11/17/1966 | **Home Address** |
| **Age** | 54 | 24357 E. 757 RD |
| | | TAHLEQUAH, OK 74464 |
| **Sex** | F | |
| **Race** | I | **Phone** |
| **Height** | 5 Ft. 7 In. | (918) 644-4023 |
| **Weight** | 250 | |
| **Hair** | | |
| **Eye** | GRY | |
| **Ethnicity** | | |
| **Birth City** | | **SSN** |
| **Birth Place** | | **DL**   3105 |

## EMERGENCY CONTACT INFORMATION

**Name** ,

**Address / Phone** ,   () -

**Relationship** N/A

## BOOKING INFORMATION

| | | | | |
|---|---|---|---|---|
| **Booking Number** | 202100368 | | **Booked Date** | 04/07/2021 04:38 |
| **Booked Type** | Full booking | | **Cell Number** | I-13A |
| **Classification** | Maximum security | | **Custody Status** | Await initial appear |
| **Medical Eligible** | Yes | | **Med. Eligible Start** | |
| **Inmate Status** | Confined but not convicted | | | |
| **Booking Officer** | WYSE,SAWYER | | **Search Officer** | SHANKLES,CHYANN |
| **Search Conducted** | Search Clothing Pat Search No- Ext. - Ext. | | **Inmate is immigration alien?** No | |
| **Call Made** | | | | |
| **Notes** | | | | |

## RELEASED INFORMATION

| | | |
|---|---|---|
| **Released Date** | NOT RELEASED | **Reason Released** |
| **Total Days In Jail** | | **Released Officer** |
| **Bondsman** | | **NCIC Checked ?** |
| **Released Notes** | | |

INMATE IS CURRENTLY IN CUSTODY AT CHEROKEE COUNTY DETENTION CENTER

**PETITIONER'S EXHIBIT**

4   page 1 of 3

Inmate Name : RODGERS, DEBORAUGH - Booking Number : 202100368

## ARREST INFORMATION

| | | | |
|---|---|---|---|
| **Arrest Date** | 04/07/2021 04:38 | **Arresting Officer** | FRITS, MATTHEW |
| **Arresting Agency** | Tahlequah PD | **Local Arrest ID** | |
| **Type of Arrest** | On-View arrest (taken into custody w/o warrant or incident report) | | |
| **Arrest Location** | CITY HOSPITAL | | |
| **DUI Arrest?** | Yes | | |

| | | | |
|---|---|---|---|
| **Fingerprint Taken** | YES | **Fingerprint Number** | |
| **Photo Taken** | YES | **NCIC Check** | YES |
| **Cited** | NO | **Citation Number** | |
| **Gang/Tribe/Affiliation** | | | |

**Was arrestee armed with weapon?**        **Is the arrestee under 18 years of age?** No

**Attorney**        **Bondsman**

## CHARGE INFORMATION

### CASE INFO        Count F/M Description

**CASE 1**

| | |
|---|---|
| **Case Number** | |
| **Warrant No** | |
| **Court** | District |
| **Court Date** | 04/27/2021 13:30 |
| **Department** | DIS |
| **Sentence Start** | |
| **Bail Type** | Bail Bond |
| **Bail Amount** | 7,500.00 |

Comment : 4/7 BEFORE JUDGE KING 7500 BOND

1. 1 M DUI LIQUOR OR DRUGS- REFUSAL

**CASE 2**

| | |
|---|---|
| **Case Number** | |
| **Warrant No** | |
| **Court** | District |
| **Court Date** | |
| **Department** | DIS |
| **Sentence Start** | |
| **Bail Type** | Bail Bond |
| **Bail Amount** | |

Comment :

1. 1 M NO DL

**CASE 3**

| | |
|---|---|
| **Case Number** | |
| **Warrant No** | |
| **Court** | District |
| **Court Date** | |
| **Department** | DIS |
| **Sentence Start** | |
| **Bail Type** | Bail Bond |
| **Bail Amount** | |

Comment :

1. 1 M UNSAFE LANE USE

**CASE 4**

| | |
|---|---|
| **Case Number** | |
| **Warrant No** | |
| **Court** | District |
| **Court Date** | |
| **Department** | DIS |
| **Sentence Start** | |
| **Bail Type** | Bail Bond |
| **Bail Amount** | |

Comment :

1. 1 M OBSTRUCTION

PETITIONER'S EXHIBIT

4 page 2 of 3

Inmate Name : RODGERS, DEBORAUGH - Booking Number : 202100368

## CHARGE INFORMATION

| CASE INFO | Count F/M Description |
|---|---|

### CASE 5

| Case Number | |
|---|---|
| Warrant No | |
| Court | District |
| Court Date | |
| Department | DIS |
| Sentence Start | |
| Bail Type | Bail Bond |
| Bail Amount | 1,000.00 |

Comment :

1. 1 M RESISTING EXECUTIVE OFFICER

### CASE 6

| Case Number | |
|---|---|
| Warrant No | |
| Court | District |
| Court Date | |
| Department | DIS |
| Sentence Start | |
| Bail Type | Bail Bond |
| Bail Amount | 1,000.00 |

Comment :

1. 1 M TRANSPORTING A LOADED FIREARM

### CASE 7

| Case Number | |
|---|---|
| Warrant No | |
| Court | DC |
| Court Date | |
| Department | DIS |
| Sentence Start | |
| Bail Type | No Bail |
| Bail Amount | |

Comment :

1. 1 F POSS OF A FIREARM WHILE INTOXICATED

### CASE 8

| Case Number | |
|---|---|
| Warrant No | |
| Court | District |
| Court Date | |
| Department | DIS |
| Sentence Start | |
| Bail Type | Bail Bond |
| Bail Amount | 1,000.00 |

Comment :

1. 1 M FAILURE TO SURRENDER DL

### CASE 9

| Case Number | |
|---|---|
| Warrant No | |
| Court | |
| Court Date | |
| Department | |
| Sentence Start | |
| Bail Type | |
| Bail Amount | |

### CASE 10

| Case Number | |
|---|---|
| Warrant No | |
| Court | |
| Court Date | |
| Department | |
| Sentence Start | |
| Bail Type | |
| Bail Amount | |

PETITIONER'S
EXHIBIT

4   page 3 of 3

## IN THE DISTRICT COURT OF CHEROKEE COUNTY, STATE OF OKLAHOMA

**STATE OF OKLAHOMA**
**VS.**

**CASE NO:** _____

Fine(s)    Cost(s)

Rodgers, Deborough

11-17-66

DOB          D.L.#

sub-totals _____

34357  E 757 RD

TOTALS _____

Address

Tahlequah  OK      74464

CITY       STATE       ZIP

DATE: _____ MINUTE ORDER: _Per  Judge King_

Medical O.K

**DEFENDANT IS ORDERED BACK:** _April 27_ , **201__** @ _1_ : _30_ **m.**

In the event the Courthouse is closed on your above scheduled Court date, your case is continued to the next open Court day. You must appear in person or a bench warrant may be issued for your arrest.

Payments of fines, costs, fees, etc. shall be payable by money orders or cashier's checks (no personal checks or cash) Include your name and case number - Payments shall be paid to the following entities.

FINES AND COURT COSTS

Total of _____

Payable in monthly payments of

_____ for _____ months

1st payment due: _____

**Payable to:**

Cherokee County Court Clerk
213 W. Delaware, room 302
Tahlequah, OK 74464

RESTITUTION

Total of _____

Payable in monthly payments of

_____ for _____ months

1st payment due: _____

**Payable to:**

Office of District Attorney
Cherokee County Courthouse
213 W. Delaware
Tahlequah, OK 74464

DRUG FUND

Total of _____

Payable in monthly payments of

_____ for _____ months

1st payment due: _____

**Payable to:**

Office of District Attorney
Cherokee County Courthouse
213 W. Delaware
Tahlequah, OK 74464

## I, THE DEFENDANT, UNDERSTAND THAT I MUST PAY AND COMPLETE ALL THE THINGS LISTED ABOVE AND MUST APPEAR BACK IN COURT ON THE DATE AND TIME SET FORTH ABOVE OR I WILL BE ARRESTED AND JAILED!!

DEFENDANT _____

DISTRICT COURT JUDGE

DEFENDANT'S ATTORNEY

ISTANT DISTRICT ATTORNEY

PETITIONER'S EXHIBIT
5

CCDC_001.11_2017.09.25

Tahlequah Printing Co., 918.458.5511    www.tpok.com

## IN THE DISTRICT COURT OF CHEROKEE COUNTY, STATE OF OKLAHOMA

**STATE OF OKLAHOMA**

VS.

Deboraugh Rodgers

| | Fine(s) | Cost(s) |
|---|---|---|
| **CASE NO:** _____ | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |

DOB          D.L.#

sub-totals _____

TOTALS _____

Address

CITY     STATE          ZIP

DATE: 4/23/21 _____ MINUTE ORDER: State declines to File

based on jurisdictional grounds.

Δ to appear at C.N. Tribal Court 5/13/21

**DEFENDANT IS ORDERED BACK:** May 18 , 202 1 @ 10:00 , A m.

In the event the Courthouse is closed on your above scheduled Court date, your case is continued to the next open Court day. You must appear in person or a bench warrant may be issued for your arrest.

Payments of fines, costs, fees, etc. shall be payable by money orders or cashier's checks (no personal checks or cash) Include your name and case number - Payments shall be paid to the following entities.

| FINES AND COURT COSTS | RESTITUTION | DRUG FUND |
|---|---|---|
| Total of _____ | Total of _____ | Total of _____ |
| Payable in monthly payments of | Payable in monthly payments of | Payable in monthly payments of |
| _____ for _____ months | _____ for _____ months | _____ for _____ months |
| 1st payment due: _____ | 1st payment due: _____ | 1st payment due: _____ |
| **Payable to:** | **Payable to:** | **Payable to:** |
| Cherokee County Court Clerk 213 W. Delaware, room 302 Tahlequah, OK 74464 | Office of District Attorney Cherokee County Courthouse 213 W. Delaware Tahlequah, OK 74464 | Office of District Attorney Cherokee County Courthouse 213 W. Delaware Tahlequah, OK 74464 |

## I, THE DEFENDANT, UNDERSTAND THAT I MUST PAY AND COMPLETE ALL THE THINGS LISTED ABOVE AND MUST APPEAR BACK IN COURT ON THE DATE AND TIME SET FORTH ABOVE OR I WILL BE ARRESTED AND JAILED!!

X _____          _____
DEFENDANT                           DISTRICT COURT JUDGE

_____          _____
DEFENDANT'S ATTORNE                 ASSISTANT DISTRICT ATTORNEY

PETITIONER'S EXHIBIT 6

CCDC_001.11_2020.06.19                     Tahlequah Printing Co., 918.458.5511   www.tpok.com

FILED

IN THE DISTRICT COURT OF THE CHEROKEE NATION
CRIMINAL DIVISION                    2022 JUL 26  AM 8: 58

DISTRICT NATION
DISTRICT COURT
CHEROKEE NATION
Case No. CM-21-772 MONCOOYEA
COURT CLERK

CHEROKEE NATION,
        Plaintiff,
vs.
DEBORAUGH D RODGERS
DOB: 11/17/1966
        Defendant.

## AMENDED INFORMATION

COUNT 1:    DRIVING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF DRUGS –
INCAPABLE OF SAFELY DRIVING – 47 CNCA § 11-902

COUNT 2:    RESISTING AN OFFICER - 21 CNCA § 268

COUNT 3:    TRANSPORTING LOADED FIREARM IN MOTOR VEHICLE - 21 CNCA 1289.13

## IN THE NAME AND BY THE AUTHORITY OF THE CHEROKEE NATION:

I, Sara Hill, Attorney General of the Cherokee Nation, upon oath and affirmation of office, give information that in the Cherokee Nation and within Indian Country as defined by 18 U.S.C. section 1151 and the laws of the Cherokee Nation, anterior to the presentment thereof, **Deboraugh D Rodgers** did commit the following crime(s):

### COUNT 1:

That **DEBORAUGH D RODGERS** did, on or about April 7, 2021, commit the crime of **Driving a Motor Vehicle while Under the Influence of Drugs,** by driving and operating a GMC pickup, bearing license plate UKB K009, over and upon a public highway at 4th Street and El Molcajete parking lot, Tahlequah, Ok, Cherokee Nation Reservation, while under the influence of intoxicating substances to a degree which rendered her incapable of safely driving a motor vehicle.

### COUNT 2:

That **DEBORAUGH D RODGERS** did, on or about April 7, 2021 commit the crime of **Resisting an Officer,** by  refusing to follow the request of Officer Frits for her driver's license, refusing to get out of the vehicle upon command and grabbing the steering wheel to pull away from the officers. The said defendant knowing Dexter Scott and Matthew Frits to be a police officer in the performance of said officer's official duties.

PETITIONER'S
EXHIBIT

7 page 1 of 2

## COUNT 3:

That **DEBORAUGH D RODGERS** did, on or about April 7, 2021, commit the crime of **Transporting Loaded Firearm In Motor Vehicle**, a Misdemeanor, by unlawfully, willfully and wrongfully, carry and transport a loaded firearm, to-wit: a a 9mm Taurus in a motor vehicle over a public highway, to-wit: 4th Street/El Molcajete parking lot in Cherokee Nation County, Oklahoma, said firearm not being then and there in a locked compartment of said motor vehicle.

**FURTHER**, the defendant and/or victim qualify as an Indian as defined in 25 U.S.C. section 1301, being a member of the Cherokee Nation, a federally recognized tribe, and the defendant did, within the Cherokee Nation and on Indian Country on the dates aforesaid, commit the above crime(s), contrary to the Cherokee Nation statutes cited above, and against the peace and dignity of the Cherokee Nation.

**SARA HILL**
**ATTORNEY GENERAL**

By: _____

**Sandy J. Crosslin, CNBA #CNBA-0771**
**Assistant Attorney General**

## WITNESSES ENDORSED FOR THE CHEROKEE NATION

Matthew Frits

Tahlequah PD
100 Phoenix Ave.

Tahlequah, OK 74464

Dexter Scott

Tahlequah PD
100 Phoenix Ave.

Tahlequah, OK 74464

**PETITIONER'S EXHIBIT**
7 page 2 of 2

Verified by _____

(Signature of Pro Se Party)

CNBA

Firm: _____

Address      24357 E 757 RD

City.      Tahlequah
State.      OK              Zip    74464
Phone ( 918 )    718-1079
Fax: ( _____ )

**X. CERTIFICATE OF MAILING TO ALL PARTIES**
**AND COURT CLERK**                  *hand delivered*

I hereby certify that a true and correct copy of the Petition in Error. was mailed
this 22nd day of August, 2022 to the following:
~~August~~ *October*

Sara Hill
Cherokee Nation Attorney General
Sandi Crosslin,
Cherokee Nation Assistant Attorney General            *Deborough Redgers, pro se*
P O. Box 1533
Tahlequah OK 74465

Kristi Moncooyea
Cherokee Nation District Court Clerk
P.O. Box 1097
Tahlequah. OK 74465

I further certify that a copy of the Petition in Error was mailed to, or filed in, the
office of the Court Clerk of the Cherokee Nation Supreme Court on the 22nd day of
August, 2022.

_____
Court Clerk

*Rec'd 10-18-2.*
*BC*

**PETITIONER'S**
**EXHIBIT**

8

FILED

## IN THE SUPREME COURT OF THE CHEROKEE NATION
## CRIMINAL DIVISION

2022 NOV 16  PM 2: 42

CHEROKEE NATION
SUPREME COURT
KENDALL BIRD, COURT CLERK

Deboraugh Rodgers,                          )
                                            )
        Defendant-Appellant,                )
                                            )
vs.                                         )    Sup. Ct. Case No.: SC-2022-07
                                            )
Cherokee Nation,                            )
                                            )
        Plaintiff-Appellee.                 )

## APPELLEE'S MOTION TO DISMISS PETITION IN ERROR AND APPLICATION TO STAY[1]

**COMES NOW** the Cherokee Nation ("Nation") and moves to dismiss the Defendant's Petition in Error and subsequent Application for Stay on the basis that that such interlocutory appeal is impermissible under the Rules of the Supreme Court of the Cherokee Nation and that a stay is therefore unnecessary.

Supreme Court Rule 70 prohibits criminal interlocutory appeals until the District Court has issued a judgment or sentence. Rule 70B states "any party in a criminal case, may appeal a judgement or sentence."[2] In this case, the District Court has only denied the Defendant's Motion to Dismiss.

---

[1] The Nation notes from a review of this Court's website that Defendant also filed a Motion for Default Judgment. However, the Nation was first noticed of this matter, via hand delivery, on October 18, 2022. There is nothing in the record that indicates the Nation was properly served or has been delinquent in filing as to allow a default judgment.

[2]; See also, *Cherokee Nation Education Corporation et. al v. Kimberlie Gilliland*, Case No. SC-16-25 (Mar. 31, 2022) (in a civil case with a simultaneous criminal proceeding, the Court stated that it "does not favor interlocutory appeals as the same foster multiple appeals before the record is fully established below.")

1

PETITIONER'S
EXHIBIT
9
page 1 of 4

## FACTS

The Defendant has several criminal charges pending in the district court. In her written and verbal Motions to Dismiss, she has argued that the district court lacks jurisdiction over her. Defendant also argues that the Cherokee Nation's judicial system is illegitimate and by extension, jurisdiction over any defendant is impossible. Consistent with this view, Defendant previously refused to participate in or cooperate in the proceedings and has at times actively disrupted the judicial process to such an extent that her case could not move forward in any meaningful capacity. This has contributed to the delay in the underlying matter and the premature appeal in the present case.

## ARGUMENT

Defendant bases her Petition in Error and Application for Stay on Rules 70 and 75 of the Supreme Court, which allows for a motion for relief which "show[s]...that the district court has denied an application or has failed to afford the relief which the applicant requested with the reasons given by the District Court for its action."[3] However, the Petition in Error neglects to address or satisfy the basic requirements for "who" may appeal described in Rule 70. In order to be eligible for an appeal in a "criminal matter," a defendant must be appealing a "judgment or sentence" – neither of which have been handed down or filed in this case.[4]

---

[3] 20 CNCA App. Rule 75.

[4] 20 CNCA App. Rule 70B.

2



This Court has considered interlocutory appeals in relation to Rule 70 when the Nation is jointly prosecuting a civil and criminal case that share many relevant facts.[5] Standards for a civil appeal are considerably lower than for a criminal appeal – requiring only "significant[…] and adverse[…]" effects.[6] For example, there is no basis for an appeal or stay of proceedings except in such a case where "a party under criminal indictment is required to defend a civil proceeding involving the same matter" at the same time.[7] Because no such extenuating circumstances exist here and the appeal lacks the required appealable judgment or sentence, the appeal should be dismissed so that the criminal proceedings can continue.

## CONCLUSION

The Defendant is seeking to appeal an order denying her Motion to Dismiss for lack of jurisdiction. However, the Supreme Court Rules of the Cherokee Nation do not allow for interlocutory appeals except in certain extenuating circumstances – such as multiple ongoing civil and criminal matters involving the same defendant. Until the active criminal charges against the Defendant are adjudicated, an appeal involving these matters is inappropriate according to Supreme Court Rules and therefore should be dismissed.

---

[5] *Cherokee Nation Education Corporation et. al v. Kimberlie Gilliland*, Case No. SC-16-25 (Mar. 31, 2022).

[6] 20 CNCA App. Rule 70A.

[7] *Cherokee Nation Education Corporation et. al v. Kimberlie Gilliland*, Case No. SC-16-25 (Mar. 31, 2022).

3

PETITIONER'S EXHIBIT 9 page 3 of 4

Respectfully submitted,

ŚARA HILL
Attorney General
SANDY J. CROSSLIN, CNBA #771
Assistant Attorney General
PO Box 1533
Tahlequah, OK  74465
(918) 453-5262

## CERTIFICATE OF MAILING

I, hereby certify that on November 16, 2022 I mailed a true, correct, and copy of this to the Defendant, 24357 E. 757 Rd., Tahlequah, OK  74464 and provided a copy by email to Amanda Bradley, stand by counsel.

Sandy J. Crosslin

4

**PETITIONER'S EXHIBIT**

9 page 4 of 4

IN THE SUPREME COURT OF THE CHEROKEE NATION

Deboraugh Rodgers,                          )
    Appellant,                           )
                                         )
                                         )       CASE NO.: SC-2022-07
v.                                          )
                                         )
Cherokee Nation,                            )
    Appellee.                            )

## ORDER

On this __5th__ day of December, 2022 the Court after examining the above styled

appeal, enters the following findings and orders:

    1.    The Appellant has failed to comply with Rule 60 of the Cherokee Nation

          Supreme Court Rules and Procedures, in that no timely brief-in-chief has

          been filed.

IT IS THEREFORE ORDERED that this case is dismissed.


_____
John C. Garrett, Chief Justice


_____
Lee W. Paden, Justice


_____
Skawna S. Baker, Justice


_____
Mark L. Dobbins, Justice


Page **1** of **2**

PETITIONER'S
EXHIBIT

10 page 1 of 2

Rex Earl Starr, Justice

---

## CERTIFICATE OF MAILING

I certify that a true and correct copy of the foregoing document, Minute Order, was mailed and/or transmitted via facsimile on this _9_ day of December, 2022 to the following:

Deboraugh D. Rodgers
24357 E. 757 Rd
Tahlequah, Ok      74464

Sandy Crosslin, sandy-crosslin@cherokee.org

Kendall Bird, Court Clerk

Page 2 of 2

PETITIONER'S
EXHIBIT
10 page 2 of 2

1

2

IN THE DISTRICT COURT OF THE CHEROKEE NATION

3   CHEROKEE NATION,

4                  Plaintiff,

5   vs.                                    CM-21-772

6   DEBORAUGH RODGERS,

7                  Defendant.

8   _____

9                      JURY TRIAL

10         Transcript of proceedings had and entered of record at

11   the hearing of the above-entitled cause, on the 22nd day of

12   August, 2022, before the Honorable T. Luke Barteaux,

13   District Judge in and for the Cherokee Nation.

14

15                  A P P E A R A N C E S

16

17   For the Nation:              MS. SANDY CROSSLIN
                                  Assistant Attorney General
18                                Office of the Attorney General
                                  17675 S. Muskogee Ave.
19                                Tahlequah, OK  74464

20

21   For the Defendant:           MS. DEBORAUGH RODGERS
                                  Pro se

22

23

24                        Reported by:
                      Susan L. Sweeney, CSR
25                        918.869.7213

COPY

PETITIONER'S
EXHIBIT

11 pages 1-9

2

1

2

# I N D E X

PAGE

3  PROCEEDINGS COMMENCING 8/22/22........................ 3

4  PRETRIAL MOTIONS..................................... 3

5  VOIR DIRE........................................... 8

6  DEFENDANT FOUND IN CONTEMPT OF COURT................ 46

7  JURY DISMISSED...................................... 47

8  PROCEEDINGS CONCLUDING 8/22/22...................... 48

9  CERTIFICATE OF REPORTER............................. 49

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1       THE COURT:   On the record in Cherokee Nation
2   vs. Deboraugh D. Rodgers, Case No. CM-21-772, 22nd day of
3   August.

4       Miss Crosslin, I did receive your proposed jury
5   instructions with the addition.   I've also added a pro se
6   defendant instruction in those.

7       Is there any preliminary issues that we need to take
8   up this morning?

9       MS. CROSSLIN:   Your Honor, Miss Rodgers filed a
10   Request for Stay.   The Nation filed a response to that.   I
11   don't know if there's a ruling from the Court or not, but
12   we would ask that that be addressed first thing this
13   morning.

14       THE COURT:   It was actually denied the day
15   before.

16       MS. CROSSLIN:   Thank you, Your Honor.   I just
17   did not see that.

18       THE COURT:   Miss Rodgers, do you have any
19   preliminary issues that need to be addressed?

20       MS. RODGERS:   Yes, Your Honor.

21       According to the court rules that you suggested I read
22   the last time that we met, I'm afforded 30 days to appeal a
23   denial to my Motion to Dismiss.   I was not afforded that 30
24   days, upon this trial date.   I would like to let it be
25   known on the record that as of this morning, I have filed

4

1    an appeal to the Supreme Court.  So this case is now in the
2    Supreme Court.
3                 THE COURT:  Miss Crosslin, do you have anything
4    to add, other than what you put in your objection?
5                 MS. CROSSLIN:  Your Honor, I believe that my
6    objection states everything that is pertinent to Miss
7    Rodgers' Request for Stay.  Rule 70 of the Appellate
8    Procedure says you may appeal as -- any party in a criminal
9    case may appeal a judgment or sentence.  Your ruling was an
10   interlocutory ruling.  You cannot have an interlocutory
11   appeal on a criminal case.  Miss Rodgers would absolutely
12   have a right to appeal the end of this proceeding, if she
13   is, in fact, convicted.  But there is no rule, there is no
14   court rule, there is no statute that allows her the right
15   to appeal your decision based on jurisdiction.  She would
16   have that right at the end of the case, but just because
17   she has filed a Petition in Error in the Supreme Court of
18   the Cherokee Nation, does not mean that that's granted, and
19   it does not mean that this Court should not proceed with
20   this criminal case.
21                MS. RODGERS:  Your Honor, I would like to
22   address the Court to Rule No. 75, which does allow for me
23   to file an appeal on any denial.
24                THE COURT:  Your request to stay based on the
25   appeal is denied.  Three years ago, the Supreme Court also

1    issued an opinion further stating their disfavor of any

2    interlocutory appeal.  And appellate case law would trump a

3    prior existing --

4              MS. RODGERS:  I'm sorry but I can't hear you.

5              THE COURT:  The appellate case law on that

6    would trump any prior existing court rule on the subject.

7    So we will be proceeding with trial today.

8              MS. RODGERS:  I object to this decision,

9    respectfully.  My case is now in the Supreme Court.  There

10   is no reason to go through this, because the Supreme Court

11   will need to rule on my appeal, which was accepted by the

12   Supreme Court -- by the Supreme Court's clerk -- file clerk

13   -- court clerk, and, therefore, they will have to make a

14   decision on this before we can proceed.

15             THE COURT:  Her acceptance of your appeal means

16   nothing.  It is her job to accept anything that is put

17   before her with the correct filing fee.

18             MS. RODGERS:  Which I'm allowed 30 days to

19   appeal, which I was not afforded from this Court.

20             THE COURT:  We'll be proceeding with the case

21   today.

22        I originally denied your Motion to Dismiss this case,

23   I believe --

24             MS. RODGERS:  -- August 12th.

25             THE COURT:  No, it was prior argued in court,

1    the same motion, prior to that.  I don't have the exact

2    date, but the time that you were in court before then, you

3    made the same argument, and it was denied then.  So even if

4    that rule was still valid, the way that you're reading it,

5    you'd be well beyond that.

6        Please have a seat.

7            MS. RODGERS:  Your Honor, that objection that

8    you are referring to, was a change of venue objection.

9            THE COURT:  Ma'am, your objection is noted.

10   It's denied.  It is on the record.  You can take that up

11   with the Supreme Court.

12           MS. RODGERS:  Duly noted.

13           MS. CROSSLIN:  Sir, I have one other issue I

14   would like to address with the Court.  I have not discussed

15   this with the defendant, as she is acting as her own

16   counsel, but I would ask that the Court and that the

17   defendant accept a stipulation that one of the elements, as

18   far as her tribal status, that she is a citizen of the

19   Cherokee Nation and member of the United Keetoowah Band.

20   And I have several documents here, Findings of Fact and

21   Conclusions of Law from Adair County, which I would ask you

22   to take judicial notice of, finding that she is a member of

23   the Cherokee Nation.  I have a Letter of Citizenship.  I

24   also have the defendant's Motion to Dismiss that she filed,

25   alleging that she was a member of the Cherokee Nation, and

1    And would you take them back to the jury room?

2    The rest of the jurors sitting in the gallery, if you

3    could go out into the hall.  If we need you, we will call

4    you again by name.  Okay?

5    (The jury retired to the jury room and the

6    following proceedings were had in open court,
     out of their presence:)

7    THE COURT:  Miss Rodgers, I have already ruled

8    on the legal issues that you're bringing up.  We're not

9    going to rehash them in front of the jury.  This trial at

10   this point is as to whether or not you committed the crimes

11   as charged against you, and that is it.  I've already ruled

12   on jurisdiction.  My rulings stand.  And we're going to

13   proceed orderly.

14   MS. RODGERS:  I understand that you've ruled,

15   but I'm also allowed due process to appeal, and I have not

16   been afforded that opportunity for due process to appeal.

17   I don't understand why the Court does not recognize that

18   opportunity.

19   THE COURT:  Ma'am, you've appealed.  If the

20   Supreme Court sees it differently than I do, they'll wipe

21   the whole case gone.  But as of today, we are proceeding

22   with this trial.

23   MS. RODGERS:  Due process allows me the

24   opportunity to have the Supreme Court the opportunity to

25   rule on whether or not this has been resolved -- this issue

42

1    -- it has not been resolved to the satisfaction of the

2    rules of the court.

3            THE COURT:  Ma'am, the Supreme Court disfavors

4    interlocutory.  That's an appeal filed in the middle of a

5    case.  They have recently ruled that.  There is no law that

6    allows interlocutory appeals.  Any court rule that you're

7    basing it on is overruled by statute and case law from the

8    Supreme Court.  Court rules do not go over case law and

9    statutes.  They're under it.

10           MS. RODGERS:  There is a Rule 75.  As it is

11   worded, allows me to file an appeal.  And I would

12   respectfully suggest --

13           THE COURT:  And you filed it.  I have not --

14           MS. RODGERS:  -- to make a decision.

15           THE COURT:  Ma'am, I have denied your stay on

16   multiple occasions.  You have filed it.  You're receiving

17   due process on the issue just by having filed it.  I have

18   denied that stay.  The Supreme Court has not issued you a

19   stay on that issue.  We are proceeding with this matter.

20   Are you going to have any questions for these jurors?

21           MS. RODGERS:  I am not proceeding on this

22   matter.  I was handed information from the prosecutor that

23   was not afforded to me before today.  It should not be

24   submitted into evidence.

25           THE COURT:  Are you going to have any questions

45

STATE OF OKLAHOMA )
)           ss.
COUNTY OF MUSKOGEE )

C E R T I F I C A T E

    I, Susan L. Sweeney, Certified Shorthand
Reporter within and for the State of Oklahoma, duly
appointed reporter in the District Court of Muskogee
County, do hereby certify that I took down by machine
shorthand the proceedings as described on page 1
herein, and the foregoing is a true and complete
transcription of my shorthand notes so taken as
aforesaid of said proceedings.

    IN WITNESS WHEREOF, I hereunto set my hand
and seal this 9th day of September, 2022.

Susan L. Sweeney, CSR #825
Commission Expires 12/31/22